IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. MARTIN,<br><br>                         Plaintiff,<br><br>         v.<br><br>DERRAL G. ADAMS, ET AL.,<br><br>                         Defendants. | Case No. 1:10-cv-1153-AWI-JLT (PC)<br><br>**ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND**<br><br>(Doc. 1) |

Steven Martin ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action against Defendants D. Adams, J. Nora or J. Mora,[1] T. Cano, B. Silva, T. Norton, M. Seifert, and M. Medina, in their individual and official capacities, pursuant to 42 U.S.C. § 1983. (Doc.1.) Plaintiff commenced this action on June 25, 2010. (Id.)

**I.     SCREENING REQUIREMENT**

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] It appears that the names J. Nora and J. Mora listed in the Complaint only refer to one person as opposed to two. Plaintiff appears to list both names because he is unsure of the spelling of that Defendant's last name.

1

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.     PLEADING STANDARDS

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Id.)

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 1949) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." (Id. at 1950.)

///
///
///
///

### III.     PLAINTIFF'S FACTUAL ALLEGATIONS

**A.     Claim One**

Plaintiff alleges his wife sent their original marriage certificate[2] via mail to him at Corcoran State Prison ("CSP-Corcoran"). (Doc. 1 at 4.) On April 10, 2009, he received a mail/package section form stating that the mail room had "disallowed delivery" of his marriage certificate pursuant to Operational Procedure 205. (Id. at 5.) Plaintiff contends he checked the portion of the form which requests that his mail be held pending investigation/appeal. (Id.) On April 12, 2009, Plaintiff filed a grievance and requested that the marriage certificate be returned to him. (Id.) On April 29, 2009, Plaintiff's appeal was granted at the first Level of Review. (Id.) Plaintiff was told he needed to contact his counselor to pick up the certificate. (Id.) Before Plaintiff's First Level Appeal was granted, it was determined that Plaintiff would be sent to the California State Prison at Centinela ("CSP- Centinela").

On May 15, 2009, Plaintiff was dissatisfied at the need to contact his counselor, so he filed a Second Level Review to express his displeasure. (Id.) The grievance was denied because it had previously been granted and because Plaintiff was no longer housed at CSP-Corcoran. (Id.) Plaintiff was told he needed to see his counselor at CSP-Centinela so he could to obtain the certificate from his central file. (Id.) After Plaintiff met with his CSP-Centinela counselor, he was informed that the certificate was not in his central file. (Id.)

After learning of this, Plaintiff filed a Petition for Writ of Habeas in state court alleging First and Fourteenth Amendment violations for the failure to deliver the certificate. (Id.) The Petition was dismissed. In its informal response to the Petition, CSP-Corcoran informed the state court that the certificate had been destroyed. (Id. at 6).

**B.     Claim Two**

On April 16, 2009, Plaintiff began the process of being transferred to CSP-Centinela. (Id. at 6). He was ordered to bring all his personal property for transportation and packing. (Id.)

---

[2] It seems clear that Plaintiff is mistaken about this. The original marriage certificate must be kept by the "Hall of Records" or the "County Recorder" in the county in which he was married. He seems to mistake a copy, that carries an affixed gold seal as an "original" when in fact, the seal demonstrates only that it is a certified copy-- which is considered an accurate and authentic copy of the original.

3

Plaintiff alleges that on May 11, 2009, while packing his personal property at CSP-Corcoran, Defendant J. Nora or J. Mora, along with three other workers, took Plaintiff's Sony CD Radio Cassette recorder ("CD player"). (Id. at 7). Plaintiff values the property at $200.00 and contends it was taken in retaliation because Defendant Nora or Mora learned Plaintiff had an on-going lawsuit against other CSP-Corcoran correctional officers. (Id.) Plaintiff submitted his appeal on May 17, 2009. He was informed he needed to resubmit the appeal with documentation showing his ownership of the property. (Id.) Plaintiff contends he did so on June 5, 2009, but never received a response. (Id.)

## IV.     DISCUSSION

As to Claim One, Plaintiff alleges First and Fourteenth Amendment due process claims against, the following defendants at CSP-Corcoran: Warden Derral Adams, B. Silva and T. Norton (who granted Plaintiff's grievance), T. Cano (who denied his Second Level appeal because it had already been granted), and M. Medina and M. Seifert (who disallowed delivery of the certificate from the mail room). Plaintiff also alleges First and Fourteenth Amendment Due Process violations against Warden Derral Adams, J. Nora or J. Mora, and T. Cano (who processed his June 5, 2009 appeal).

### A.     Federal Rule of Civil Procedure 18(a)

Under the Federal Rules of Civil Procedure, "[a] party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The purpose of splitting such claims into different actions is to avoid the morass that a multiple claim, multiple defendant suit will cause and to ensure prisoners pay the required filing fees pursuant to the Prison Litigation Reform Act. (Id.)

Here, Plaintiff raises two unrelated events. In the first, he claims that five officers at CSP-Corcoran violated the First and Fourteenth Amendments because they either disallowed delivery of his marriage certificate or were involved in the appeal process. (Doc. 1 at 4.) In his second

claim, Plaintiff asserts that a CSP-Corcoran officer took his CD player from his personal property after he was sent to CSP-Centinela. (Id. at 7.) Defendant T. Cano and Warden Derral Adams are common to both claims. However, as to the Warden, there are no facts to demonstrate he was personally involved in either of the events described in the Complaint. (Doc. 1 at 4-10). The only allegations against T. Cano are that he processed a grievance related to each of Plaintiff's two claims. (Id.)

Since Plaintiff is not permitted to join unrelated claims in the same action, the claims against J. Nora or J. Mora related to the second claim must be dismissed without prejudice for violation of Rule 18(a). If Plaintiff wishes to pursue this claim against J. Nora or J. Mora, he must file a separate action; however, Plaintiff is strongly encouraged to review the analysis below regarding "lost property," post-deprivation remedies, and Inmate Grievances and only file an action in this Court if he believes, in good faith, he can state a cognizable federal claim.

**B.     Lost Property**

The Due Process Clause of the Fourteenth Amendment protects individuals from state deprivations of life, liberty, or property without due process of law. With respect to a prisoner's property, the United States Supreme Court has held that "an unauthorized intentional deprivation of property" by a prison official constitutes a violation of due process if a meaningful post-deprivation remedy for the loss is unavailable. Hudson v. Palmer, 468 U.S. 517, 533 (1984) (emphasis added). If, however, a prison official merely acts negligently in losing a prisoner's property, there is no due process violation. *See* Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in the original).

Here, Plaintiff appears to name as defendants every individual who corresponded with him in attempting to get the certificate returned to him. He names the Warden Derral Adams solely because Defendant Adams was the warden at CSP-Corcoran. Plaintiff names M. Medina and M. Seifert because they disallowed delivery of the certificate from the mail room; however, their actions were addressed when Plaintiff's First Level Appeal was granted. Finally, Plaintiff inexplicably names B. Silva and T. Norton because they granted Plaintiff's First Level Appeal,

1  but required him to retrieve the document through his counselor.  (Doc. 1 at 5).  Plaintiff does not
2  allege facts to show that any of the named defendants destroyed his marriage certificate.  (Id. at 4-
3  6.)  In fact, Plaintiff doesn't even seem to believe that the document was destroyed.  (Id. at 6.)
4  Even if the Court accepted the factual allegations against each of these defendants as true,
5  Plaintiff has not demonstrated that any of the Defendants acted deliberately to destroy or withhold
6  his marriage certificate.  (Doc. 1.)  As a result, Plaintiff's allegations fail to state a cognizable due
7  process claim.  See Daniels, 474 U.S. at 328.

8        Even assuming that a defendant intentionally deprived Plaintiff of his property, Plaintiff's
9  complaint still fails to state a cognizable claim.  There is no indication that, following the granting
10  of his appeal, Plaintiff's marriage certificate was destroyed or continued to be withheld because
11  of an established state procedure.  Thus, under the Supreme Court's decision in Hudson,
12  Defendants actions constitute a violation of due process only if a meaningful post-deprivation
13  remedy for Plaintiff's loss is unavailable.  See Hudson, 468 U.S. at 533.  Under these
14  circumstances, Plaintiff has a meaningful post-deprivation remedy.  Plaintiff may file suit in state
15  court pursuant to California Government Code §§ 900, et seq., which provides a remedy for torts
16  committed by public employees.  See Parratt v. Taylor, 451 U.S. 527, 539 (1981) ("[P]ost-
17  deprivation remedies made available by the State can satisfy the Due Process Clause."); Arnold v.
18  Williams, No. CIV S-08-28886 DAD P, 2009 WL 3710522, at *3 (E.D. Cal. Oct. 28, 2009)
19  (California Government Code §§ 900, et seq. provide a sufficient post-deprivation remedy for the
20  purposes of due process).

21  **C.**     **Plaintiff's Grievances**

22        To the extent Plaintiff alleges that Defendants either denied or failed to timely respond to
23  his inmate complaints and requests regarding his lost property, Plaintiff is advised that such
24  allegations are insufficient to demonstrate a constitutional violation.  In the Ninth Circuit, it is
25  well-established that "inmates lack a separate constitutional entitlement to a specific prison
26  grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.
27  Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore, when a prison official denies, screens-out,
28  or ignores an inmate's grievance, the prison official does not deprive the inmate of any

constitutional right.  *See, e.g.,* Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Accordingly, any allegation by Plaintiff against Defendants for failing to respond to his grievances fails to state a cognizable claim.

**C.    Eleventh Amendment Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  It bars suits against state agencies as well as those where the state itself is named as a defendant.  *See* Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).

The immunity applies whether the relief sought is money damages or injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").  It applies also in actions brought against an officer of the state in his official capacity.  (Id. )

Here, Plaintiff names all Defendants in their official capacities.  (Doc. 1.)  Thus, the action in this regard cannot stand and is barred by the Eleventh Amendment.

**D.    Leave to Amend**

7

Given the facts alleged by Plaintiff and the status of the law as set forth above, the Court has serious doubt that Plaintiff will be able to plead facts sufficient to support a claim against any of the Defendants.  However, the Court will provide Plaintiff with the opportunity to file a first amended complaint to attempt to cure the deficiencies identified by the Court in this order.  *See* Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

If Plaintiff elects to file an amended complaint, he is cautioned that he may not reassert the same unrelated claims presented here.  As explained above, "[u]nrelated claims against different defendants belong in different suits . . . ." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

Plaintiff is also cautioned that once he files his amended complaint, his prior pleadings are superceded and no longer serve any function in the case.  *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

**ORDER**

Accordingly, it is **HEREBY ORDERED** that:

1.     Plaintiff's Complaint against Defendant J. Nora or Mora, unrelated to the destruction of his marriage certificate, is **DISMISSED** for violation of Federal Rules of Civil Procedure 18(a);

2.     Plaintiff's Complaint against Defendants Derral Adams, B. Silva, T. Norton, T. Cano, M. Medina, M. Seifert, in their official capacities, is **DISMISSED**;

3.     Plaintiff's Complaint against Defendants Derral Adams, B. Silva, T. Norton, T. Cano, M. Medina, M. Seifert, in their individual capacities, is **DISMISSED**;

4.      Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

4.      The Clerk's Office shall send Plaintiff a civil rights complaint form.

**Plaintiff is advised that his failure to comply with this order will result in a recommendation that the action be dismissed.**

IT IS SO ORDERED.

Dated:   **April 12, 2012**                         **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE