1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  STEVEN A. MARTIN,                          Case No. 1:10-cv-01153 AWI-JLT (PC)

            Plaintiff,                         **FINDINGS AND RECOMMENDATIONS**
13                                             **TO DISMISS CERTAIN CLAIMS IN**
    v.                                         **PLAINTIF'S FIRST AMENDED**
14                                             **COMPLAINT**
    DERRAL G. ADAMS, et al.,
15                                             (Doc. 11).
            Defendants.
16

17       Plaintiff, Steven Martin, is a state prisoner proceeding pro se and in forma pauperis with a

18  civil action pursuant to 42 U.S.C. § 1983.  On April 12, 2012, this Court dismissed Plaintiff's

19  initial Complaint with leave to amend.  (Doc. 9).  Plaintiff filed a First Amended Complaint

20  ("FAC") on May 11, 2012.  (Doc. 11).  Based upon its review of the FAC, the Court recommends

21  that Plaintiff's Due Process claims related to the theft of his CD player and his Due Process and

22  First Amendment claims relating to Defendant's failure to return receipts showing ownership of

23  the CD player be dismissed.[1]

24  ///

25  _____

26      [1] This Court has recently issued an order directing service of the Complaint on Defendant
    J. Nora or J. Mora on the sole claim that Defendant retaliated against Plaintiff when he stole
27  Plaintiff's CD player.  Thus, these Findings and Recommendations only relate to Plaintiff's Due
    Process claims for theft of his CD player and his Due Process and First Amendment claims for
28  Defendant's failure to return receipts showing ownership of the CD player.

## I. SCREENING REQUIREMENT

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims.  28 U.S.C. § 1915A(a)-(b).  The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. PLEADING STANDARDS

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  (Id.)   Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).   In analyzing a pleading, the Court sets conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  (Id. at 1949) (internal quotation marks and citation omitted).  In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense."  (Id. at 1950)

### III. PLAINTIFF'S FIRST AMENDED COMPLAINT

On April 28, 2009, Plaintiff was approved to be transferred from CSP-Corcoran to CSP-Centinela.  (Doc. 11. at 4).  He was ordered to bring all his personal property for transportation and packing to the "CSP-Corcoran – 1 R&R."  (Id.)  Plaintiff alleges that on May 11, 2009, while packing his personal property at CSP-Corcoran, Defendant J. Nora or J. Mora ("Defendant"), saw legal documents among Plaintiff's property and learned the documents related to a lawsuit against various correctional officers (but not Defendant).  (Id.)

Plaintiff contends that after Defendant learned of the lawsuit, Defendant took Plaintiff's Sony CD Radio Cassette recorder ("CD player") and informed him that the CD player was not allowed at CSP-Centinela.  (Id. at 5).  Plaintiff values the CD player at $200.00.  (Id.)  Plaintiff informed Defendant that he believed he was entitled to retain any appliance he was given while in prison and that he intended to file a grievance.  (Id.)  Plaintiff claims that Defendant then ordered him back to his cell.  (Id.)  Instead of leaving, Plaintiff merely pretended to leave, then returned "about seven seconds later" and asked Defendant to produce his CD player.  (Id.)  Plaintiff states that CD player was not in the box with his other personal belonging and Defendant made no attempt to locate the missing CD player.  (Id. at 6).  Plaintiff notes that the three other staff members who had been assisting Defendant were also gone.  (Id.)  Plaintiff further alleges that after the incident he filed several grievances with CSP-Corcoran, along with his original receipts showing proof of ownership.  (Id.)  Plaintiff did not receive a response to his grievances and his original receipts are now missing as well.  (Id. at 6).

### IV. DISCUSSION

Plaintiff contends that Defendant retaliated against him in violation of Plaintiff's Fourteenth Amendment Due Process rights and his First Amendment right to speech when Defendant failed to return Plaintiff's original receipts for the CD player to him.  (Id.).

#### A. Due Process

Plaintiff claims that Defendant stole his personal property. The Due Process Clause protects prisoners from being deprived of property without due process of law. *See* Gonzales v. Price (E.D. Cal., Dec. 2, 2009) 2009 WL 4718850 *3-4 (citing Wolff v. McDonnell, 418 U.S.

539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir.1974).  While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *See* <u>Gonzales,</u> 2009 WL 4718850 *3-4 (citing <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), <u>Logan v. Zimmerman Brush Co</u>., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) and <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir.1985)).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  <u>Gonzales,</u> 2009 WL 4718850 *3-4 (citing <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir.1985), and <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir.1987).

Since there is no indication that Plaintiff's property was taken because of an established state procedure, Plaintiff's allegations that Defendant stole his personal property amount to an unauthorized intentional deprivation. Defendant's actions therefore constitute a violation of due process only if a meaningful post-deprivation remedy for Plaintiff's loss is unavailable.  *See* <u>Hudson</u>, 468 U.S. at 533.  Here, Plaintiff has a meaningful post-deprivation remedy:  Plaintiff may file suit in state court pursuant to California Government Code §§ 900, et seq.  *See* <u>Parratt v. Taylor</u>, 451 U.S. 527, 539 (1981) ("[P]ost-deprivation remedies made available by the State can satisfy the Due Process Clause."); <u>Arnold v. Williams</u>, No. CIV S-08-28886 DAD P, 2009 WL 3710522, at *3 (E.D. Cal. Oct. 28, 2009) (California Government Code §§ 900, et seq. provide a sufficient post-deprivation remedy for the purposes of due process).  Consequently, Plaintiff fails to state a cognizable claim against Defendant for violation of his rights under the Due Process Clause for stealing his CD player and original receipts.

**B.  First Amendment Claim – Failure to Return Original Receipts**

Plaintiff alleges that Defendant failed to return the original receipts Plaintiff submitted with the grievance he filed for the stolen/missing CD player and that Defendant's failure to return

1   his receipts was done in retaliation for Plaintiff's involvement in litigation against other

2   correctional officers. (Id. at 6).

3        Under the First Amendment, prison officials may not retaliate against prisoners for

4   initiating litigation or filing administrative grievances.  Rhodes v. Robinson, 408 F.3d 559, 568

5   (9th Cir. 2005).  A viable claim of retaliation entails five basic elements: (1) an assertion that a

6   prison official took some adverse action against an inmate (2) because of (3) the inmate's

7   protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment

8   rights; and (5) the adverse action did not reasonably advance a legitimate penological purpose.

9   Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

10        With regard to Plaintiff's missing receipts, Plaintiff claims that Defendant allegedly failed

11   to use, in violation of Plaintiff's Due Process rights, certain procedures when processing Plaintiff's

12   administrative grievance. (Id. at 6).   Prisoners, however, "lack a separate constitutional

13   entitlement to a specific prison grievance procedure." Teahan v. Wilhelm (S.D. Cal. 2007) 481

14   F.Supp.2d 1115, 1120-21 (citing Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003) (citing

15   Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)). Therefore, Defendant's handling of Plaintiff's

16   grievance cannot form the basis of a First Amendment retaliation claim.

17       **V.  Findings and Recommendations**

18        Plaintiff fails to establish a due process violation for the intentional and unauthorized theft

19   of his stereo and receipts, as he has an available remedy under state law.  Furthermore, he does

20   not have a constitutional right to a specific grievance procedure and therefore cannot plead facts

21   to demonstrate a retaliation claim for his missing receipts.

22        Based upon the record and the facts set forth in the FAC, it does not appear the

23   deficiencies in the portions of the FAC addressed here can be cured by amendment.  Thus, the

24   Court finds that granting Plaintiff further leave to amend would be futile.  *See* Lopez v. Smith,

25   203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (requiring leave to be granted to the extent

26   deficiencies can be cured by amendment).

27   ///

28   ///

Accordingly, IT IS HEREBY RECOMMENDED:

1.  The claim against Defendant J. Nora or Mora for stealing Plaintiff's CD player in violation of Plaintiff's Fourteenth Amendment right to Due Process is **DISMISSED WITHOUT LEAVE TO AMEND.**

2.  The claim against Defendant J. Nora or Mora for not returning Plaintiff's original receipts in violation of Plaintiff's Fourteenth Amendment right to Due Process rights is **DISMISSED WITHOUT LEAVE TO AMEND.**

3.  The claim against Defendant J. Nora or Mora for not returning Plaintiff's original receipts in violation of Plaintiff's First Amendment right to speech is **DISMISSED WITHOUT LEAVE TO AMEND.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**May 25, 2012**__                    _____**/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE

6