UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. MARTIN,<br><br>           Plaintiff,<br><br>     v.<br><br>DERRAL G. ADAMS, et al.<br><br>           Defendants. | Case No.: 1:10-cv-01153 – AWI - JLT (PC)<br><br>ORDER FOR PLAINTIFF TO NOTIFY THE COURT HOW HE WISHES TO PROCEED ON HIS VOLUNTARY MOTION TO DISMISS<br><br>(Doc. 27) |

  Plaintiff Steven A. Martin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). On April 10, 2013, Plaintiff sought to voluntarily dismiss his complaint without prejudice in order to file a "Petition for Writ of Habeas Corpus" in order to obtain additional information for the service of J. Nora a.k.a. J. Mora, the sole remaining defendant in this matter. Doc. 27 at 3. The Court deferred judgment on the voluntary motion to dismiss and requested that the Legal Affairs Division of the CDCR assist Plaintiff in obtaining a "property form" which would identify the officer who packed Plaintiff's property on his transfer to California State Prison, Centinela, California ("CEN"). (Doc. 28 at 3). The Legal Affairs Division, by special appearance of the Attorney General of California, reported that Plaintiff received a copy of the "property form" on April 17, 2013. (Doc. 29). Plaintiff admits he received the "property form" identifying the remaining defendant as "J. Mora" but Plaintiff presently requests that the Court place the burden on the CDCR to locate J. Mora. (Doc. 30 at 6). This the Court will not do.

1

In his motion, Plaintiff reports that CEN's Litigation Coordinator was unwilling to provide Plaintiff with information concerning J. Mora's present location. Id. at 4-5. To the extent Plaintiff seeks personal identifying information concerning J. Mora, Plaintiff is advised that Cal. Penal Code § 832.7 prohibits the CDCR from disclosing a peace officer's personnel records in a civil proceeding. Cal. Penal Code § 832.7(a). The reason is clear. As a former or current peace officer, it would place the officer and his family at risk if inmates were told of the officer's home address.

On the other hand, contrary to Plaintiff's speculation that J. Mora must have provided false identification on the "property form" to shirk liability on a subsequent claim, there is no reason to think this. Instead, when the USMS sought to serve J. Mora, the response was that there was "no record found" indicating only that J. Mora could not be served at Corcoran State Prison.[1] (Doc. 30 at 6). Thus, California state law prohibits the Legal Affairs Division from releasing any information as to the current location of J. Mora. Even if it was not unlawful for the Legal Affairs Division of the CDCR to release this information, the CDCR is not a defendant in this case—and could not be a defendant due to the Eleventh Amendment immunity--and, as a result, the Court has no authority to order the CDCR to do anything. At this time, in this case, the Court does not have jurisdiction over anyone other than Plaintiff. *E.g.,* City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).

In any event, nothing precludes Plaintiff from locating J. Mora through the use of a third-party investigator, using friends or relatives to conduct the investigation or by other means. Though the Court is sympathetic to Plaintiff's plight, neither the U.S. Marshals Service nor the Court are permitted to undertake an investigation on Plaintiff's behalf as to the defendant's whereabouts. Just like any other civil litigant, this obligation is placed on Plaintiff.

///

---

[1] Plaintiff prefers to ascribe nefarious motives to the CDCR and/or Officer Mora to explain why there are no records for J. Mora at Corcoran State Prison. The fact that the two CDCR employees who presented Plaintiff with a copy of the property receipt exchanged "a look," is not evidence of anything. Nevertheless, based upon this, Plaintiff jumps to the conclusion that the property officer used a false name on the receipt without stopping to consider whether the local prison, as opposed to the CDCR, would maintain employment records of former personnel or whether "no records found," relates only to whether the person is still employed at the prison such that the prison may accept service of process for the employee.

**ORDER**

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Within **45 days** of the date of service of this Order, Plaintiff SHALL:

    a. **PROVIDE** the Court with additional information in order to effectuate service on Defendant J. Nora a.k.a. J. Mora; or

    b. **NOTIFY** the Court that he will not provide the additional information in which event, the Court will grant Plaintiff's voluntarily motion to dismiss the case[2];

2. **No further extensions of time will be granted to comply with this order**.

IT IS SO ORDERED.

Dated:   **May 28, 2013**                              **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Notably, the Eleventh Amendment does not bar suit against the CDCR, as J. Mora's employer, in state court, like it does in federal court. Therefore, if Plaintiff is unable to locate J. Mora for service of process, he may wish to consider pursuing this matter against the CDCR in state court. *See e.g.,* Castaneda v. Dep't of Corr. & Rehab., 212 Cal.App.4th 1051 (Cal. Ct. App. 2013).

3