# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>ADAMS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-01153-AWI-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION BOTH TO VACATE THE DISCOVERY AND SCHEDULING ORDER AND TO APPOINT COUNSEL<br><br>(Doc. 57) |

## I. Background

Plaintiff, Steven A. Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2010. This action is proceeding on Plaintiff's First Amended Complaint against Defendant J. Mora on Plaintiff's retaliation claim under the First Amendment.

On June 9, 2014, Plaintiff filed a motion to vacate the Discovery and Scheduling Order ("D&S Order") and to have counsel appointed.[1] (Doc. 57.) Defendants have not filed an opposition, but the motion is deemed submitted by lapse of time. Local Rule 230(*l*).

## II. Modification of Discovery and Scheduling Order

Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish

---

[1] Plaintiff also requests that CSP Warden Amy Miller be contacted and made to confirm Plaintiff allegations, a confession and termination of Officer Coronado and be ordered to keep all correctional officers, except a "Counselor CCII" out of his cell. (Doc. 57, 7:5-15.) These requests are construed as seeking injunctive relief and so are addressed via concurrently issued findings and recommendations.

deadlines for, among other things, to "file motions" and "complete discovery." Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(3)(B)(v). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4).

The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d). Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s good cause standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. [The 1983 amendment to the advisory committee notes indicates] . . . [m]oreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Here, Plaintiff requests that the D&S Order be vacated on his concern that it may conflict with his deadlines in another case. (Doc. 57, 7:22-8:4.) Plaintiff indicates that he is represented by counsel in the other case and so he is not certain which, if any of the dates in the D&S Order may conflict with the dates in his other case. (*Id.*) Concern regarding a conflict is insufficient basis to vacate the D&S Order -- particularly where Plaintiff is represented by counsel in one of the cases. Further, the deadlines in D&S Order are months away.[2] Since Plaintiff's reasons for seeking to vacate the D&S Order are, at least at this point, premature and speculative at best, the inquiry ends.

## III.  Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

---

[2] It is noted that the current D&S Order in this case (Doc. 55) reflects the wrong date for the dispositive motion deadline. At the time that the D&S Order issued, there were internal technical glitches with the form's auto-populating processes through CM and was apparently not previously caught in this case for correction. However, a corrected form has been requested and will issue shortly, if not prior to this order to reflect the correct date for filing dispositive motions. Fed. R. Civ. Pro. 60(b). The correct date for the dispositive motion deadline is 05/13/2015.

1 *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to
2 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for*
3 *the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in
4 certain exceptional circumstances the court may request the voluntary assistance of counsel
5 pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

6       Without a reasonable method of securing and compensating counsel, the court will seek
7 volunteer counsel only in the most serious and exceptional cases.  In determining whether
8 "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
9 the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
10 complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

11       In the present case, the court does not find the required exceptional circumstances.  Even if
12 it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
13 which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with
14 similar cases almost daily.  Further, at this early stage in the proceedings, it cannot be determined
15 that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the
16 Court does not find that Plaintiff cannot adequately articulate his claims.  *Id*.  While the Court
17 declines to attempt to secure counsel for Plaintiff, nothing in this order restricts Plaintiff from
18 contacting counsel who is representing him in his other case to request their services in this action
19 as well.

20 **IV.  Order**

21       Accordingly, it is HEREBY ORDERED that Plaintiff's motion to vacate the Discovery and
22 Scheduling Order and for the appointment of counsel, filed June 9, 2014 (Doc. 57), is HEREBY
23 DENIED, without prejudice.

24
25 IT IS SO ORDERED.

26     Dated:   **July 16, 2014**                      **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE
27
28