# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVEN A. MARTIN, | Case No. 1:10-cv-01153-AWI-JLT (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF |
| v. | |
| ADAMS, et al., | (Doc. 57) |
| Defendants. | 30-DAY DEADLINE |

**I. Background**

Plaintiff, Steven A. Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2010. This action is proceeding on Plaintiff's First Amended Complaint against Defendant J. Mora on Plaintiff's retaliation claim under the First Amendment.

On June 9, 2014, Plaintiff filed a motion to vacate the Discovery and Scheduling Order ("D&S Order") and to have counsel appointed (Doc. 57) which was addressed in a separate order. In the body of that motion, Plaintiff also requested that CSP Warden Amy Miller be contacted and made to confirm Plaintiff allegations, a confession and termination of Officer Coronado and be ordered to keep all correctional officers, except a "Counselor CCII" out of his cell. (Doc. 57, 7:5-15.) These requests are construed as seeking injunctive relief. Defendants have not filed an opposition, but the motion is deemed submitted by lapse of time. Local Rule 230(*l*).

Federal courts are courts of limited jurisdiction and in considering a request for

preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Regardless, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's concerns regarding correctional officers entering his cell and reading or taking his legal papers.  *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding.  *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek the temporary restraining order and/or preliminary injunction against any of the Defendants who remain in this action.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Thus, Plaintiff's motion must be denied for lack of jurisdiction over Warden Miller in this action.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action.  The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum.  The seriousness of Plaintiff's accusations concerning tampering with his receipt of mail cannot and do not overcome what is a *jurisdictional* bar.  *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of

establishing its existence.")  This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's requests for an order directing action by Warden Miller, filed June 9, 2014 (Doc. 57), be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 18, 2014**              /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE

3