1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. MARTIN, | Case No. 1:10-cv-01153-AWI-JLT (PC) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IPF STATUS |
| v. | |
| ADAMS, et al., | (Doc. 59) |
| Defendants. | |

Plaintiff, Steven A. Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2010.  This action is proceeding on Plaintiff's First Amended Complaint against Defendant J. Mora on Plaintiff's retaliation claim under the First Amendment.  On June 20, 2014 Defendant filed a motion to revoke Plaintiff's IFP status and dismiss the case.  (Doc. 59.)  Plaintiff filed an opposition to which Defendant replied.[1] (Docs. 67, 70.)  The motion is deemed submitted.  L.R. 230(l).

Section 1915, subdivision (g) of Title 28 of the United States Code provides that a prisoner shall not "bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

---

[1] Plaintiff filed a surreply which is being stricken by separate order.  (*See* Doc. 72.)

In the motion, Defendant submits evidence showing that Plaintiff had three cases which were dismissed and qualify as strikes under 28 U.S.C. §1915(g) arguing that they justify revoking Plaintiff's IFP status in this action.  (Doc. 59, 4:26-6:13.)  The three cases raised by Defendant are: *Martin v. Tilton, et al*, 2:08-cv-01283-LDG, judgment entered February 24, 2010; *Martin v. Walker, et al.,*  2:10-cv-00255-MCE-JFM, judgment entered April 29, 2010; and *Martin v. Cate, et al.*, 2:10-cv-2662-GEB-KJN, judgment entered January 18, 2011.  (*Id.*)  Defendant argues that these actions bar Plaintiff from proceeding IFP in this action since they were dismissed prior to the date Plaintiff filed the First Amended Complaint (May 11, 2012) and the imminent danger exception of § 1915(g) does not apply.  (*Id.*, at 6:14-7:5.)

Plaintiff opposed the motion arguing that the operative date is the date he filed the original Complaint in this action, not the date that the First Amended Complaint was filed.  (Doc. 67.)  In reply, Defendant acknowledged that Plaintiff did not have three strikes prior to his filing of the original complaint, but argued that Plaintiff's IFP status should still be revoked because he accumulated three strikes before the First Amended Complaint was filed.  (Doc. 70.)  Defendant correctly acknowledged that there is no relevant authority on the issue of whether a prisoner's IFP status may be dismissed in an action based upon strikes acquired between the filing of the original complaint and the operative complaint.  (Doc. 70, n. 1.)

There is no relevant authority to support Defendant's position because there is specific authority from the 9th Circuit to the contrary.  Specifically, "a plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court."  *O'Neal v. Price*, 531 F.3d 1146, 1151-52 (9th Cir. 2008).  Thus, the pivotal date is the date that Plaintiff filed the original complaint and his motion to proceed in forma pauperis in this action, which was June 25, 2010.  (*See* Docs. 1, 2.)  Defendant has not met the burden of showing that Plaintiff had three strikes prior to June 25, 2010 to merit revoking his IFP status in this action.

Accordingly, the Court **ORDERS** that Defendant's motion to revoke Plaintiff's IFP[2] status

---

[2] Because even revoking an order allowing a plaintiff to proceed in forma pauperis would not be grounds to dismiss the litigation—instead, in that event, the plaintiff would be allowed to pay the filing fee before the Court could consider dismissing the complaint—the Court **DISREGARDS** Defendants' motion in this regard.

(Doc. 59) is **DENIED**.

IT IS SO ORDERED.

    Dated:   **October 2, 2014**               **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE