# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. MARTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>ADAMS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-01153-AWI-JLT (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION REQUESTING LEAVE TO PROPOUND ADDITIONAL REQUESTS FOR ADMISSIONS<br><br>(Doc. 73) |

     Plaintiff, Steven A. Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 25, 2010. This action is proceeding on Plaintiff's First Amended Complaint against Defendant J. Mora on Plaintiff's retaliation claim under the First Amendment. On September 24, 2014, Plaintiff filed a motion seeking leave to propound 17 requests for admissions beyond the limit of 25 as dictated in the discovery and scheduling order. (Docs. 73.) Despite lapse of more than the requisite time, Defendant has not filed an opposition. The motion is deemed submitted. L.R. 230(l).

     The operative discovery and scheduling order in this action limits the parties to 25 interrogatories, 25 requests for production, and 25 requests for admissions. (Doc. 65.)

     Pursuant to F.R.Civ.P. 16(b)(3)(A), courts must enter scheduling orders to establish deadlines for, among other things, to "file motions" and "complete discovery." Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(3)(B)(v). "A schedule

may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

Plaintiff has shown diligence both in seeking leave to propound additional requests for admissions once he realized they were necessary and in reasonably seeking leave to propound only a small (17) number of additional requests. Further, Plaintiff is not seeking wholesale leave to make additional requests of each form of discovery -- just requests for admissions. Finally, Defendants have not opposed this request.

Accordingly, good cause having been shown, it is HEREBY ORDERED that, Plaintiff's motion requesting leave to propound 17 additional requests for admissions on Defendant, J. Mora, filed September 24, 2014 (Doc. 73), is GRANTED.

IT IS SO ORDERED.

Dated:   **October 30, 2014**             **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE